1    RYAN KROMHOLZ & MANION, S.C.
     DANIEL R. JOHNSON, WI Bar No. 1033981
2    djohnson@rkmiplaw.com
     P.O. BOX 26618
3    Milwaukee, WI  53226-0618
     TELEPHONE: (262) 783-1300
4    FACSIMILE: (262) 783-1211

5    HANSON BRIDGETT LLP
     STEPHEN B. PECK - 72214
6    speck@hansonbridgett.com
     425 Market Street, 26th Floor
7    San Francisco, CA  94105
     TELEPHONE:  (415) 777-3200
8    FACSIMILE:  (415) 541-9366

9    Attorneys for Defendant Bajer Design & Marketing, Inc.

10
                    UNITED STATES DISTRICT COURT
11
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
                         SAN JOSE DIVISION
13

14
     SAN FRANCISCO TECHNOLOGY,            No. 5:10-CV-05295-JF (PVT)
15   INC.,
                                          DEFENDANT BAJER DESIGN &
16            Plaintiff,                   MARKETING, INC.'S RENEWED
                                          MOTION TO DISMISS FOR FAILURE TO
17       v.                               STATE A CLAIM AND SUPPORTING
                                          MEMORANDUM OF POINTS AND
18   BAJER DESIGN & MARKETING INC.,       AUTHORITIES IN SUPPORT OF
                                          MOTION  [FEDERAL RULES OF CIVIL
19            Defendant.                   PROCEDURE 12(B)(6) AND 9(B)]

20
                                          Judge:      Hon. Jeremy Fogel
21                                        Date:       January 20, 2011
                                          Time:       1:30 p.m.
22                                        Courtroom:  3, 5th Fl.,

23                                        Complaint Filed:   March 5, 2010

24

25

26

27

28                                 - 1 -
     DEFENDANT BAJER DESIGN & MARKETING, INC.'S RENEWED
     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO.      2766595.1
     5:10-CV-05295-JF (PVT)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE, that on January 20, 2010 at  1:30 p.m., before the Honorable Judge Jeremy Fogel, at the United States District Court for the Northern District of California, 280 S. 1st Street, San Jose, California 95113, Defendant Bajer Design & Marketing, Inc. ("Bajer"), by and through its counsel of record, will move the Court to dismiss San Francisco Technology, Inc.'s ("SFTI") Complaint this case under Federal Rule of Civil Procedure 12(b)(6).[1]

This Motion is based on this Notice and Motion,  the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, and the argument and evidence to be presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BAJER, INC.'S MOTION TO DISMISS

Bajer Design & Marketing, Inc. ("Bajer") hereby requests the Court dismiss San Francisco Technology, Inc.'s ("SFTI") Complaint because SFTI has not stated a claim against Bajer upon which relief can be granted under Rule 12(b)(6).

## STATEMENT OF THE ISSUES TO BE DECIDED

Does SFTI's Complaint plead sufficient factual content with particularity to state a claim against Bajer, in accordance with Rules 12(b)(6) and 9(b)?  Alternatively, does SFTI's Complaint allow the Court to draw the reasonable inference that Bajer listed patent numbers for the purpose of deceiving the public?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION and RELEVANT FACTS

On March 5, 2010, SFTI filed a *qui tam* action against twenty-one (21) defendants, including Bajer.  SFTI alleged that each of these 21 corporations violated the False Marking Statute, 35 U.S.C. § 292, which imposes penalties for purposefully

[1] All references to Rules in this Motion and Motion and Memorandum are to the Federal Rules of Civil Procedure unless otherwise indicated.

- 2 -

BAJER DESIGN & MARKETING, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO. 5:10-CV-05295-JF (PVT)

2766595.1

deceitful acts of marking "unpatented" articles with the numbers of U.S. patents.    SFTI

joins a growing legion of opportunistic plaintiffs that have brought claims under 35 U.S.C.

§ 292 alleging false marking because certain expired patent numbers may appear on

packaging containing the defendants' products.  This opportunism is the result of *The

Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009), which interpreted 35

U.S.C. § 292(a)'s "not more than $500 for every such offense" language as providing a

penalty of "up to $500 *per article*" as opposed to calculating the penalty as for multiple

articles as only one offense.

　　The action was originally was originally styled *San Francisco Technology Inc. v.

The Glad Products Company*, Case No. 5:10-CV-00966-JF ("Glad").  Bajer filed a Motion

to Dismiss For Failure To State A Claim on April 8, 2010 (Docket Number [hereafter

"D.N." 77 in *Glad*).  On May 28, 2010, this Court entered a joint stipulation staying the

hearing on Bajer's Motion To Dismiss and all proceedings as to Bajer and certain other

defendants until the Federal Circuit entered a decision in *Stauffer v. Brooks Bros.*,

Appeal Nos. 2009-1428, 2009-1430, 2009-1453 (D.N. 189). Most of the other

defendants filed motions, which this Court heard on July 8, 2010.  This Court's Order Re

Pending Motions on July 19, 2010 (D.N. 315) ordered that "this action is hereby severed

as to each and every separate defendant" (at 21:16–18), but did not instruct the Clerk to

open a new case number as to Bajer. In addition, this Court's July Order terminated with

leave to re-file all remaining motions including Bajer's Motion To Dismiss. On October

14, 2010, this Court issued an Order in *Glad* lifting "the stay of litigation imposed by" the

July Order (D.N. 319).

　　Bajer now files this Renewed Motion To Dismiss For Failure To State A Claim in

light of recent developments in this constantly evolving area of patent law. One basis

that Bajer previously moved to dismiss SFTI's Complaint was that SFTI had not suffered

a required constitutional injury-in-fact and lacked standing. Since Bajer's initial motion to

BAJER DESIGN & MARKETING, INC.'S RENEWED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO. 5:10-CV-05295-
JF (PVT)

2766595.1

dismiss, the Federal Circuit ruled that "any person" has standing to bring a patent false marking action.  *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010).

Another basis that Bajer previously moved to dismiss SFTI's Complaint was that marking expired patent numbers could not be a violation of 35 U.S.C. § 292.  Since Bajer's initial motion to dismiss, the Federal Circuit ruled that "articles marked with expired patent numbers are falsely marked. That conclusion alone does not, however, decide the question of liability under the statute."  *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362 (Fed. Cir. 2010).

35 U.S.C. § 292 consists of two provisions.

The first provision, 35 U.S.C. 292(a) sets forth three distinct offenses:

> [1] Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee…; or

> [2] Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public; or

> [3] Whoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public - Shall be fined not more than $500 for every such offense.

The second provision, 35 U.S.C. 292(b), states that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

- 4 -

BAJER DESIGN & MARKETING, INC.'S RENEWED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO. 5:10-CV-05295-
JF (PVT)

2766595.1

There are no allegations in SFTI's Complaint that Bajer committed the first enumerated offense (marking without the consent of the patentee) or the third enumerated offense (marking that a patent has been applied for, when in fact a patent has not been applied for).   SFTI's Complaint relates only to the second enumerated offense, marking an "unpatented" article.

Patent marking is performed pursuant to 35 U.S.C. § 287 so that damages are recoverable in an action for patent infringement without providing actual notice to infringers.   The marking statute serves three related purposes: 1) helping to avoid innocent infringement, *see Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 395, 56 S.Ct. 528, 530, 80 L.Ed. 736 (1936); 2) encouraging patentees to give notice to the public that the article is patented, *see Amsted Industries v. Buckeye Steel Castings*, 24 F.3d 178, 185, 30 USPQ2d 1462, 1468 (Fed.Cir.1994); and 3) aiding the public to identify whether an article is patented, *see Bonito Boats Inc. v. Thunder Craft Boats Inc.*, 489 U.S. 141, 162, 109 S.Ct. 971, 983, 103 L.Ed.2d 118, 9 USPQ2d 1847, 1856 (1989).

The Complaint contains no allegations that anyone was actually deceived, or that SFTI suffered any injury due to the mere appearance of Bajer's patent numbers.   The Complaint also contains no allegations that Bajer's *unexpired* patent markings do not cover Bajer's products.

## II.   LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) provides "a quick test of the legal sufficiency of [the] allegations" made in the complaint.   *See E.E.O.C. v. Concentrated Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007).   A civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).   The factual allegations, however, must be sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell*

1
2
3
4
5
6
7
8
9

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal citations omitted).  This pleading standard applies to all civil cases. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1953 (2009).  The present complaint must be dismissed because it alleges ***even less than*** an unacceptable "formulaic recitation" of the elements of a cause of action, it does not even attempt to plead injury, or provide anything other than formulaic recitations of "intent to deceive the public."

10
11
12
13
14
15
16
17
18
19
20
21
22

This Court "need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." *Juniper Networks v. Shipley*, No. C 09-0696, 2009 WL 1381873, *2 (N.D. Cal. May 14, 2009) (dismissing false patent marking claims); *see also Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) ("we do not 'have to accept every allegation in the complaint as true in considering its sufficiency; rather, … [we] will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff.'"); *Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). This pleading standard applies to all civil cases.  *Id.*, at 1953.  The present complaint must be dismissed because it alleges *even less than* an unacceptable "formulaic recitation" of the elements of a cause of action, it does not even attempt to provide anything other than formulaic recitations of "intent to deceive the public."

23
24
25
26
27

SFTI alleges that Bajer included expired patent numbers on packaging for its hamper products. Thus, to state a claim for relief, SFTI must satisfy a two-part showing: (1) use of a patent mark on product packaging in connection with unpatented articles, and (2) intent to deceive the public. See *Bon Tool*, 590 F.3d at 1300.  Allegations of false

28

BAJER DESIGN & MARKETING, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO. 5:10-CV-05295-JF (PVT)

2766595.1

patent marking in violation of Section 292 of the Patent Act, like all allegations of fraud, must meet the heightened pleading requirements of Rule 9(b). *See Stauffer*, 2010 WL 3397419, at *6 (remanding case for consideration of motion to dismiss under Rule 9(b)); see also *Juniper Networks*, 2009 WL 1381873, at *4 ("[T]he false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b).").

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." See Rule 9(b).  Because the complaint pertains to, and is unique to, patent law, this Court must apply the law of the Federal Circuit "to the question of whether [false patent marking in violation of Section 292] has been pleaded with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). The Federal Circuit's discussion of the heightened pleading standard as applied to inequitable conduct in *Exergen* controls the resolution of this issue.  *Exergen* "requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission." *Exergen*, 575 F.3d at 1327. "Although 'knowledge' and 'intent' may be averred generally, [the Federal Circuit's] precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.*   In other words, the pleading must allege sufficient facts from which this Court may reasonably infer that Bajer used an expired patent number on packaging in connection with unpatented articles for the purpose of deceiving the public. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Exergen*, 575 F.3d 1329 n.5. *See,also*, *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) (applying Rule 9(b) to require "not only specifying the false

BAJER DESIGN & MARKETING, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO. 5:10-CV-05295-JF (PVT)

2766595.1

statements and by whom they were made but also identifying the basis for inferring scienter.")

In other words, if SFTI's Complaint does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S.Ct. at 1949, then the Complaint is not "plausible on its face," and will not survive a motion to dismiss under 12(b)(6). *Twombly*, 550 U.S. at 570.

## III.   ANALYSIS

SFTI's Complaint fails to state a claim as a matter of law, because SFTI's claim is not plead with particularity as Rule 9(b) requires.   No facts are plead with respect to intent to differentiate Bajer from the previous twenty (20) defendants Bajer was joined with.   Allowing this case to proceed on such an absence and generic set of facts would lower the pleading bar so low, that any *qui tam* false marking plaintiff could make boilerplate allegations with respect to unfounded "facts" in order to clear what should be a quite high pleading bar.

The sole factual allegations are that Bajer "has made decisions to falsely mark its products after the [expiration of the applicable patents]" and that Bajer "marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by a surrendered patent or an expired patent. Accordingly, Bajer falsely marked its products with intent to deceive the public." *Complaint,* ¶¶ 56-57.

Therefore, SFTI's Complaint must be dismissed because it does not allege any facts from which intent to deceive and a violation of 35 U.S.C. § 292(a) may be inferred; rather SFTI's Complaint alleges only conclusions.   Notably, the intent allegations from the original *Glad* case were nearly identical with respect to each of the twenty-one previously joined defendants.

- 8 -

BAJER DESIGN & MARKETING, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO. 5:10-CV-05295-JF (PVT)

2766595.1

The United States Patent Office in other patent related contexts has made clear that such as "an intent to deceive" must pled to meet Rule 9(b) standards. *See Ferguson Beauregard/Logic Controls v. Mega Sys*., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("inequitable conduct, while a broader concept than fraud, must be pled with particularity."). In this case, SFTI failed to plead intent with any particularity, e.g., the "who, what, when, where and why" pleading standard as it applies to Bajer's intent to deceive.  Judged against the strictures of Rule 9(b), SFTI's Complaint fails.

The only knowledge imputed to Bajer is "knowledge that nothing is protected by a surrendered patent or an expired patent."  *See* Complaint, ¶ 57 ("Upon information and belief, Bajer marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by a surrendered patent or an expired patent.")  SFTI fails to allege that Bajer knew the patents were expired, fails to allege when Bajer knew the patents were expired, and whether the allegedly false markings were printed after obtaining such knowledge.  Therefore, SFTI failed to plead factual content that would allow the court to draw the reasonable inference that Bajer acted "for the purpose of deceiving the public." 35 U.S.C. § 292(a).

The false marking statute is a criminal provision, albeit one punished with a civil fine. *Pequignot*, 608 F.3d at 1362-63. This is important because of the language used within § 292(a): "with the purpose of deceiving...." 35 U.S.C. § 292(a) (2009) (emphasis added). The Supreme Court has explained the difference between "knowledge" and "purpose" in criminal statutes is that "purpose" requires intent, the desire to consciously bring about a result. *Pequignot*, 608 F.3d at 1363.

In *Pequignot*, the Federal Circuit stated that an actionable claim for false marking with an expired patent requires an intent to deceive the public, not simply knowledge that the patent was expired. *Id.* at 1363 ("Thus, mere knowledge that a marking is false is

- 9 -

BAJER DESIGN & MARKETING, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, CASE NO. 5:10-CV-05295-JF (PVT)

2766595.1

insufficient to prove intent if Solo can prove that it did not consciously desire the result that the public be deceived.")  Thus, SFTI's conclusions do not clear the heightened pleading hurdle.

See also, *Patent Compliance Group, Inc. v. Wright Medical Technology, Inc.*, 2010 WL 3766724, 3 (N.D.Tex.) (N.D.Tex.,2010) (rejecting Complaint on nearly identical facts to those at bar); *see also Simonian v. Cisco Systems, Inc.*, 2010 WL 2523211 (N.D. Ill. June 17, 2010) (dismissing for failure to plead facts supporting an inference of fraudulent intent); *Juniper Networks*, 2009 WL 1381873 ("conclusory allegations that Shipley 'knew' his reference to the patents was 'false' are thus insufficient to plead an intent to deceive under section 292(a)").

## III.    CONCLUSION

SFTI's Complaint fails to meet minimum pleading standards and state a claim against Bajer, much less state a claim with particularity, and therefore must be dismissed under Rule 12(b)(6).

DATED:  November 30, 2010                    RYAN KROMHOLZ & MANION, S.C.


                                             By:_____//s//_____
                                                DANIEL R. JOHNSON
                                                Attorneys for Defendant Bajer Design &
                                                Marketing, Inc.


DATED:  November 30, 2010                    HANSON BRIDGETT LLP


                                             By:_____//s//_____
                                                STEPHEN B. PECK
                                                Attorneys for Defendant Bajer Design &
                                                Marketing, Inc.

- 10 -